**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**DEARMUS LOVETT, on behalf**
**of himself and all employees**
**similarly situated,**

     **Plaintiff,**

**vs.**                    **CASE NO: 1:19-CV-141**

**PERRY ROOFING, INC.**

     **Defendant.**
_____/

## **COLLECTIVE ACTION COMPLAINT**

Plaintiff ("Plaintiff"), DEARMUS LOVETT, by and through undersigned

counsel, on behalf of himself and all employees similarly situated, hereby sue

Defendant, PERRY ROOFING, INC., a Florida for profit corporation ("Defendant"),

and alleges as follows:

### **Jurisdiction and Venue**

1.     This is an action to recover money damages for unpaid overtime wages

under the laws of the United States. This Court has jurisdiction pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the

FLSA").

2.      Venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1391, because Defendants maintains offices in this district and division, and because a substantial part of the events giving rise to the claims occurred in this district and division.

3.      Plaintiff is a resident of Dixie County, Florida, which is within the jurisdiction of this Court.

4.      The Defendant was at all times material hereto doing business within the jurisdiction of the District Court of the Northern District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

5.      This action is brought by Plaintiff and other similarly situated employees to recover from Defendant unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

6.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which installs and repairs roofs using materials and supplies imported from without the State of Florida and otherwise regularly engages in interstate commerce.

7.      Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000.00 per annum.

8.      By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

9.      The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by the Plaintiff and other similarly situated employees.  Plaintiff and those similarly situated are "employees" of Defendant.

## Collective Action Allegations

10.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

11.     Plaintiffs file this action on behalf of themselves and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiff's signed consent form is attached as Exhibits A.

12.     The employees similarly situated are:

All roofers and employees performing roof installation and related duties employed and paid on a piece-work or piece-rate basis by the Defendants in the State of Florida during the period commencing three (3) years immediately preceding the filing of this case forward.

13.     Plaintiffs and the putative class members worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

14.     Defendant did not pay Plaintiffs or the putative class members overtime premiums for their overtime hours worked.

15.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

16.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

17.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the putative class members. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

### Count I – Unpaid Overtime Wages Against Defendant

18.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

19.     During the material time period Plaintiff and similarly situated employees were employed as roofers or similarly titled positions, installing roofs and performing related duties, and all performed these services on behalf of the Defendant.

20.    During the material time period Plaintiff and similarly situated employees were paid on a piece-work or piece-rate basis, and regularly worked in excess of forty (40) hours per week.  Piece-work or piece-rate pay was based on the number of units or "squares"[1] completed by Plaintiff and similarly situated employees, not the number of hours worked; the Defendant only uses an hourly rate for purposes of accrual of sick and vacation leave time.  Plaintiff and similarly situated employees were regularly required to travel outside of the Gainesville area (or area where they lived) and were not compensated for such travel when the travel and the work time exceeded forty (40) hours in a work week.  Plaintiff and similarly situated employees were not paid overtime wages for overtime hours worked in excess of forty (40) hours weekly as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

21.    At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and similarly situated employee's overtime compensation to which they were lawfully entitled for the period of time each work week they performed labor on behalf of Defendant.

22.    Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 CFR §516.

---

[1] A "square" is a 10-foot by 10-foot section of roof.

23.     Defendant intentionally and willfully failed to pay Plaintiff and similarly situated employees their overtime wages.  Because the Defendant has paid the Plaintiff and similarly situated employee on a piece-work or piece-rate basis, it does not maintain accurate records of the hours worked by them, nor based their pay on the number of hours worked.  The failure to maintain such records and to pay overtime shows reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.  It further shows that the Defendant did not act in good faith when it refused and failed to pay appropriate overtime.

24.     Defendant remains owing Plaintiff and similarly situated employees these overtime wages since the commencement of Plaintiff's and similarly situated employees' employment with Defendant as set forth above, and Plaintiff and similarly situated employees are entitled to recover double "liquidated" damages.

25.     Plaintiff has retained the law firms of Sean Culliton, Esq., LLC and The Law Office of John C. Davis to represent him and has incurred attorneys' fees and costs in bringing this action.

## **Prayer for Relief**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

(a)     Certification of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b)

to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b)    Judgment against Defendant in the amount of Plaintiff's and the putative class members' unpaid overtime wages at the applicable overtime rates;

(c)    An additional and equal amount as liquidated/statutory damages under 29 U.S.C. § 216(b);

(d)    A finding that Defendant's violations of the FLSA were willful;

(e)    All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(f)    An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

(g)    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

(h)    All further relief as the Court deems just and equitable.

## **Demand For Jury Trial**

Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

Dated: July 25, 2019

/s Sean Cullition
Sean Culliton, Esq.
FBN: 0986232
E-mail:  sean.culliton@gmail.com
Sean Culliton, Esq., LLC

7

150 John Knox Road
Tallahassee, FL 32303
Phone: (850)385-9455
Facsimile: (813)441.1999


s/John C. Davis_____
JOHN C. DAVIS
Fla Bar No. 0827770
Law Office of John C. Davis
623 Beard St.
Tallahassee, FL 32303
(850) 222-4770
(850-) 222-3119 (fax)
john@johndavislaw.net

Attorneys for Plaintiff